IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Case No. 13- 2185

in re David Stebbins ) on Petition for Writ of Mandamus
)
)

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for writ of mandamus.

### Relief Sought

I ask that Kristine Baker be ordered to pass judgment on my Motion for Leave to Proceed *In Forma Pauperis* in Case No. 12-0704 in the U.S. District Court for the Western District of Arkansas.

### Issues Presented

1. How long should it take a District Court to rule on an *in forma pauperis* application?

### Facts

Petitioner attempted to file a lawsuit against Boone County, Arkansas in the Circuit Court of Boone County, Arkansas, to complaint about instances of unlawful treatment while he was incarcerated that he negligently failed to mention in Case No. 12-3022 in the U.S. District Court for the Western District of Arkansas. Petitioner attempted to secure leave to proceed *in forma pauperis*. However, the Circuit Court never issued a ruling on it.

Normally, Petitioner could simply petition the State Supreme Court for a writ of mandamus, under the precedent of *Urquhart v. Davis*, 19 SW 3d 21 (Ark. 2000). However, the

RECEIVED

MAY 20 2013

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Clerks Office of the State Supreme Court will not receive a Petition for Writ of Mandamus without certified records of the Circuit Court proceedings, and the Circuit Clerk will not make certified records until the lawsuit is "filed," and the lawsuit will not be filed until the *in forma pauperis* application is ruled on.

This puts Petitioner in a Catch-22 that can only be escaped by the intervention of a federal court. Therefore, on November 7, 2012, Petitioner filed suit in the United States District Court for the Western District of Arkansas, requesting injunctive relief and damages (claiming that judicial immunity did not protect the Defendants since the dispute relates to a purely ministerial act).

However, Judge Kristine Baker apparently got the idea to do the same thing in this case that got the federal lawsuit filed in the first place! Six months later, and she has *still* not ruled on the *in forma pauperis* application.

### Reasons for Issuing the Writ

This petition is controlled by the precedent of *In re R. Hopkins*, 59 F.3d 102 (8th Cir. 1995), where this Court directed a District Court to cease its procrastination which, like in this case, had been going on for six months.

The case is also governed by the precedent of Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 390 (2004), holding that Courts of Appeal may be issued to correct a "clear abuse of discretion" on the part of the District Courts. Such an abuse is present here; although the District Court has discretion to control its docket, there is no reason why a simple *in forma pauperis* application should take six months.

Furthermore, the petitioner in a Mandamus petition "must show that there are no other adequate means to secure the desired relief." See Kerr v. United States District Court, 426 U.S.

Appellate Case: 13-2185   Page: 2   Date Filed: 05/30/2013   Entry ID: 4040547
Appellate Case: 13-2185   Page: 2   Date Filed: 08/19/2013   Entry ID: 4066349

394 (1976). Here, appeal is not an option, as there is no judgment to appeal. In fact, the lack of a judgment to appeal is the very problem that Petitioner seeks to have corrected, and is, in fact, his very reason for filing suit in the federal courts in the first place.

### Conclusion

Wherefore, premises considered, Plaintiff respectfully requests a quick and fair ruling on this Petition, soon.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com